No. 2--95--0122          

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE OF           )  Appeal from the Circuit Court

ILLINOIS,                            )  of Lake County.

                                     )  

     Plaintiff-Appellee,             )

                                     )  No. 94--CF--1293

v.                                   )

                                     )

MIGUEL D. GONZALES,                  )  Honorable

                                     )  Christopher C. Starck,

     Defendant-Appellant.            )  Judge, Presiding.

________________________________________________________________

     JUSTICE GEIGER delivered the opinion of the court:

     In July 1994, the defendant, Miguel D. Gonzales, was charged

by indictment with three counts of first degree murder (720 ILCS

5/9--1(a)(1) (West 1994) (count I); 720 ILCS 5/9--1(a)(2) (West

1994) (counts II and III)). He was also charged with aggravated

battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 1994) (count

IV)) and aggravated discharge of a firearm (720 ILCS 5/24--

1.2(a)(2) (West 1994)).  The charges arose from the defendant's

shooting of his girlfriend's ex-husband, Carlos Rodriguez, on or

about July 3, 1994.  The defendant appeals the sentence imposed in

this cause.  We affirm. 

     Following a jury trial, the defendant was found guilty of one

count each of first degree murder, aggravated battery with a

firearm, and aggravated discharge of a weapon.  The court sentenced

him to 42 years' imprisonment for the murder offense and 12 years'

imprisonment for the aggravated battery with a firearm.  The court

vacated the judgment on the aggravated discharge of a firearm which

the court found to be a lesser-included offense.    

     In this timely appeal, the defendant argues that, in imposing

sentence, the trial court erred in considering two victim impact

statements where one subsection of the Rights of Crime Victims and

Witnesses Act (Crime Victims Act) defines a crime victim as "(3) a

single representative who may be the spouse, parent, child or

sibling of a person killed as a result of a violent crime

perpetrated against the person killed" (725 ILCS 120/3(a)(3) (West

1994)).  Defense counsel failed to object to the consideration of

the impact statements appended to the presentence investigation. 

The defendant nevertheless urges that their consideration either

amounted to plain error or resulted from the ineffective assistance

of his trial counsel.  We disagree.  

     The failure to object to the consideration of allegedly

improper evidence during a sentencing hearing and to raise the

issue in a post-sentencing motion results in a waiver of the issue

on appeal unless the error is deemed plain error.  People v.

Mahaffey, 166 Ill. 2d 1, 27 (1995); see People v. Simpson, 172 Ill.

2d 117, 147 (1996) (issue of relevance of victim impact evidence

waived).  The failure to object to allegedly improper victim impact

evidence ordinarily results in waiver on appeal in noncapital

cases.  See People v. Wright, 234 Ill. App. 3d 880, 899 (1992);

People v. Gutirrez, 205 Ill. App. 3d 231, 266 (1990); People v.

Lybarger, 198 Ill. App. 3d 700, 703 (1990).   A reviewing court may

apply the plain error exception to the waiver rule where the

evidence is closely balanced or where the error is so substantial

that it denied the defendant a fair proceeding.  Mahaffey, 166 Ill.

2d at 27.  

     We find neither circumstance present here, and we deem the

alleged error waived.  Additionally, the error, if any, is not so

substantial that we would find the type of prejudice necessary to

conclude that defense counsel was ineffective.  The defendant has

failed to show that the court's consideration of the impact

statements was so prejudicial that it undermines confidence in the

outcome.  People v. Van Ostran, 168 Ill. App. 3d 517, 522 (1988). 

     Victim impact statements concerning the effects upon the

victim's family are both relevant and admissible during the

sentencing phase of a trial.  People v. Pavlovskis, 229 Ill. App.

3d 776, 782 (1992).  According to section 5--3--2(a)(3) of the

Unified Code of Corrections (Code), the impact of the offense upon

"the victim or victims" is to be set forth in the presentence

report. (Emphasis added.) 730 ILCS 5/5--3--2(a)(3) (West 1994). 

Pursuant to section 6 of the Crime Victims Act, a victim also has

the right to present an impact statement orally to the trial court

at the sentencing hearing; that statement is to be prepared in

writing in conjunction with the State's Attorney prior to the

hearing.  725 ILCS 120/6 (West 1994); Pavlovskis, 229 Ill. App. 3d

at 780-82. 

     Notwithstanding the defendant's highly restrictive view that

one subsection of the statutory definitions of crime victim

contemplates only one representative addressing the court, our

review of the cases and the overall statutory scheme persuades us

that the trial court may consider victim impact evidence from more

than one source.  See, e.g., Pavlovskis, 229 Ill. App. 3d at 780-

82; People v. Forbes, 205 Ill. App. 3d 851, 864 (1990); People v.

Hernandez, 204 Ill. App. 3d 732, 744-46 (1990).  Moreover, it is

clear to us that the trial court gave no undue weight to the victim

impact statements and merely mentioned the written reports in

passing.  No victim actually addressed the court.  At most, the

statements amounted to cumulative evidence.  

     Our review of the record shows that the court considered many

factors in rendering its sentence, including, among others, the

seriousness of the offense, the reckless manner in which the

defendant returned to shoot the victim again in the presence of

others and the corresponding need to protect the public; the need

to deter others; and the defendant's attempt, while in custody, to

solicit assassins to harm family members of the victim. 

Nevertheless, the court imposed an intermediate sentence.  The

defendant waived the issue of the court's consideration of the

victim impact statements.  Even if not waived, we find neither

plain error here nor any merit in the claim of ineffective

assistance of counsel. 

     The judgment of the circuit court is affirmed.

     Affirmed.

     INGLIS and RATHJE, JJ., concur.